[No. 2867.   Decided October 11, 1898.]

THE STATE OF WASHINGTON *on the Relation of William B. Davey* v. NEAL CHEETHAM, *as Auditor of the State of Washington.*

MANDAMUS — AGAINST STATE AUDITOR — ALLOWANCE OF CLAIMS.

Mandamus will not lie to compel the state auditor to issue a warrant, under an appropriation for the benefit of certain claims arising out of the construction of a normal school building, to a person designated in the appropriation act, where the act does not provide what sum he shall receive, but authorizes the auditor to examine and allow the unpaid claims on account of the construction of the building, and to draw warrants therefor, and, in compliance therewith, he has made such examination and has disallowed the claim.

*Original Application for Mandamus.*

*McCutcheon & Gilliam,* and *F. H. Rudkin, for relator.*

*Thomas M. Vance,* Assistant Attorney General, and *Haight & Owings,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—The plaintiff demanded that the state auditor issue to him a warrant for $4,189.05, under an appropriation made by the legislature, entitled "An Act for the relief of W. B. Davey, and other creditors of the state normal school at New Whatcom, and making an appropriation therefor," approved March 16, 1897 (Laws 1897, p. 264). The auditor declined to issue such warrant to plaintiff, and this application is made to compel its issuance. An alternative writ of mandate was issued to the auditor, who has made return to the same. The auditor answers that in the years 1895, 1896 and 1897 plaintiff was engaged in erecting the building of the state normal school at New Whatcom, pursuant to a contract made between the plaintiff and the board of trustees of the normal school about the 8th of November, 1895, and the contract is set forth; that plaintiff, pursuant to the contract, executed and delivered to said board of trustees of said state normal school a bond in the sum prescribed in said contract, conditioned for the faithful performance thereof, and that said contractor should pay all laborers, mechanics and material men, and all persons who should supply such contractor with provisions or goods of any kind, on account of just debts due to said persons or any person to whom any part of said work should be given, incurred in carrying on such work; and that the bond was satisfactory to the board of trustees; and that the contract was performed and the building completed and turned over to said board of trustees, and conditionally accepted by them about the 15th day of January, 1897. The answer then sets out that a large number of persons (mentioning them) furnished to the plaintiff labor and material used and to be used in the construction of said normal school building, for which there are balances due

5—20 WASH.

them, and alleges that the claims so set out are unpaid claims and accounts outstanding on account of the construction of the state normal school building at New Whatcom; that for a number of them orders had been issued by the plaintiff to the payees of the claims, which orders were presented and filed with the board of trustees; and alleges that these respective persons holding these claims are creditors of the normal school. And it is also answered that plaintiff presented to the legislature in 1897 a claim amounting to several thousand dollars on account of the building, requesting an appropriation therefor, and claiming that $4,189.05 and upwards was due and owing by plaintiff for unpaid claims and accounts outstanding on account of the construction of the building, to the payment of which claims plaintiff requested that the appropriation be solely and directly applied; and that it was pursuant to this application and request of Davey that the act of the legislature mentioned was enacted. The answer also sets out that about the 16th of July, 1897, the Washington Iron Works, one of the claimants, duly commenced an action on behalf of itself and others similarly situated against Neal Cheetham, as auditor of the state of Washington, in the superior court of Thurston county, for the distribution of the appropriation made by the legislature and the trust fund thereby created; that the complaint alleged the facts hereinbefore set forth, and that the auditor had been requested to audit said claims and had refused to do so, and that the auditor set up, among other things, that he was not advised whether the claimants were all the creditors having unpaid claims and accounts outstanding on account of the construction of said state normal school, and whether such claims were all the claims, and what, if any, were preferred; and said complaint alleged that, by reason of the

premises, said appropriation constituted a trust fund for the benefit of said claimants and creditors, and that it was the duty of said auditor to ascertain and audit said claims and all claims to be paid out of said appropriation, and to distribute said appropriation pro rata to the owners and holders of said claims; and the complaint also prayed that the auditor be required to notify Davey, the plaintiff in this action, and other creditors of the state normal school at New Whatcom, and all owners and holders of unpaid claims and accounts outstanding on account of the construction of the state normal school, to present their claims under oath to him, and make proof thereof, within such time as the court might deem proper and just, and thereupon to examine and audit the same, and to issue warrants therefor on the state normal school fund, if the appropriation was sufficient to pay the expenses, costs and disbursements of this action and of the administration of said trust and said claims in full; otherwise, that the auditor pay the expenses, costs and disbursements from said appropriation, and that the remainder of the appropriation be divided and distributed pro rata to the owners and holders of said claims and accounts as audited and allowed by the auditor, in proportion to the amounts thereof. That the auditor answered said complaint in said action, admitting the facts, except that the auditor denied any knowledge or information sufficient to form a belief as to the amounts due claimants. That, by reason of the premises, the superior court of Thurston county in said action, on the motion of the plaintiff, and with the consent of the auditor, ordered that the auditor give public notice to Davey and other creditors of the state normal school, and all owners and holders of claims on account of the construction of the normal school building, and to all persons beneficially interested in the appropriation of

the legislature, to present their respective claims to the auditor within three months after the time of the first publication of the notice, providing for the publication of the notice in a newspaper in Olympia and one in New Whatcom; that the notice was duly given by the auditor and published in accordance therewith; that, pursuant to said order and notice, the claimants (giving their names and the amounts claimed by each) filed their claims in said court, and that, pursuant to said order and notice, the plaintiff here, William B. Davey, duly filed and presented to the auditor his claim under oath; and that the auditor had proceeded thereunder to audit and allow such claims as he examined and approved, which allowance was more than the sum appropriated; and that he disallowed the claim of Mr. Davey; and that said action is still pending in said court, and the auditor's action therein has not yet been excepted to in said court. The auditor also alleges here that said auditing and allowance of said claims in said superior court is correct. Plaintiff demurred to the answer of defendant. Counsel for plaintiff maintain that the act of the legislature is an appropriation for the benefit of the plaintiff and other creditors, and vests in the auditor a ministerial duty, and that, upon the answer made by the auditor here, it is apparent there are no other creditors of the state than W. B. Davey, and therefore the duty of the auditor is to issue a warrant to Davey for the amount named in the appropriation.

It is true that a legislative appropriation, when clear, must be paid to the beneficiary of such appropriation, and the duty of the auditor in such case is merely ministerial. But the appropriation under consideration involves much difficulty in determining who are the beneficiaries. It is evident that the legislature had in mind the relief of other creditors as well as Davey. The language of the act is

not susceptible of precise or literal construction. Neither
W. B. Davey nor any other claimant can be accurately de-
scribed as a creditor of the state normal school at New
Whatcom, for such school had no creditors of itself. Mr.
Davey, under his contract for the erection of the normal
school building at New Whatcom, became a creditor of the
state, and the other claimants were creditors of Davey;
but an attempt had been made in the original contract to
protect laborers and material men. Section 2 provides:

" The state auditor is hereby authorized and instructed
to examine and audit the unpaid claims and accounts out-
standing on account of the construction of the state nor-
mal school building at New Whatcom, and to draw his
warrants upon the aforesaid appropriation  .  .  .  in
favor of the creditors,  .  .  . "

Here the auditor is authorized to examine and audit.
He necessarily must determine primarily what are the un-
paid claims and accounts outstanding on account of the
construction of the building, and who are the creditors
meant. This language may very well mean that the legis-
lature intended to pay just such claims as the auditor has
audited. Mandamus will only issue where the duty of the
auditor is clear; and it cannot be said in this case that his
duty is clear. The contention made here by plaintiff, if
correct, can be maintained by him in an action for the
amount due him against the state; i. e., if he is entitled
to money upon/his contract for the erection of the school
building, he can recover in an action at law against the
state. The legislature, in this appropriation, has not said
he was entitled to so much or any particular sum of
money appropriated; but it has said that he and other
creditors on account of the construction of this building
shall receive the benefit of the appropriation; and it has
also authorized the auditor to examine and audit the un-
paid claims and accounts on account of the construction of

this building, and to draw warrants therefor. The auditor answers here that he has examined and audited such claims and accounts, and, further, that he has asked the advice of a court of equity to determine his duty. The contention of the auditor is that he is the trustee, by virtue of the act of appropriation, to disburse and distribute the amount appropriated upon the unpaid claims and accounts outstanding on account of the construction of the normal school, and that such claims and accounts have all been filed in the proceeding pending in the superior court, including that of the plaintiff here, and that all the beneficiaries of such trust are before the court. Whether a trust cognizable in equity was created by the appropriation is not discussed by plaintiff, but is argued with much apparent force by counsel for defendant. But it is apparent in the proceeding here the court cannot, by mandamus, compel the auditor to issue the warrant claimed by plaintiff, because (1) the plaintiff has a plain, speedy and adequate remedy at law in a suit against the state, and (2) as observed, the duty of the auditor is something more than merely ministerial, and it cannot be said his duty is clearly shown to this court to issue the warrant.

The writ of mandamus is therefore denied.

GORDON and DUNBAR, JJ., concur.